IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **EDWARD KIAUNIS, individually and on behalf of all persons similarly situated,** 308 Hurdle Dr. Duplex B Chesapeake, VA 23322<br><br>**Plaintiff,**<br><br>v.<br><br>**MONRO, INC., d/b/a Monro Auto Service and Tire Center** 200 Holleder Parkway Rochester, NY 14615<br><br>**Defendant.** | **CIVIL ACTION NO.:**<br><br>**Class Action Complaint** |

## CLASS ACTION COMPLAINT

Plaintiff Edward Kianus, individually and on behalf of all persons similarly situated, by undersigned counsel, seeks all available relief under the Virginia Overtime Wage Act, Va. Code. Ann. § 40.1-29.2 *et seq.* ("VOWA"); and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's ERISA claims is proper under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Any claims arising under state law, including those under VOWA, are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

3. Pursuant to 29 U.S.C. § 1132(h), a copy of this Complaint will be served on the

Secretary of Labor and the Secretary of the Treasury of the United States by certified mail.

## PARTIES

4. Plaintiff Edward Kiaunis ("Kiaunis" or "Plaintiff") is an individual currently residing in Chesapeake, Virginia. He has been employed by Defendant as a Technician or Senior Technician in Virginia since approximately 2010 – more specifically in Defendant's Norfolk shop since approximately 2013. Since approximately 2011, he has been a participant in the Monro, Inc. 401(k) Plan (the "401(k) Plan") and has regularly deferred wages into the plan.

5. Defendant Monro, Inc., d/b/a Monro Auto Service and Tire Center, is a New York Corporation headquartered in Rochester, New York.

6. Defendant is in the business of providing automobile maintenance and repair services at its over 1,200 corporate owned and managed locations throughout the United States. Defendant operates approximately 50-100 such locations within the Commonwealth of Virginia.

7. During all times relevant to this lawsuit, Monro was an employer in an industry or activity affecting commerce, within the meaning of 29 U.S.C. § 1002(12).

8. Monro sponsored the 401(k) Plan, which offers retirement benefits based on employer and employee contributions and investment earnings.

9. The 401(k) Plan is a "pension plan" within the meaning of 29 U.S.C. § 1002(2)(A) and an "individual account plan" and a "defined contribution plan" within the meaning of 29 U.S.C. § 1002(34).

10. Monro is the "plan sponsor" and plan "administrator" of the 401(k) Plan, within the meaning of 29 U.S.C. § 1002(16).

11. Plaintiff and the Class are "participants" within the meaning of 29 U.S.C. § 1002(7), in the 401(k) Plan.

## CLASS DEFINITIONS

12. Plaintiff brings Count I of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former Technicians, Senior Technicians, Mechanics and similar employees of Monro, Inc. ("Monro"), who performed work for Monro in Virginia and who were not paid overtime compensation at 150% of their applicable regular rates of pay for at least one workweek since July 1, 2021 (the "Virginia Class").

13. Plaintiff also brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following subclass:

> All members of the Virginia Class who are participants in the Monro, Inc. 401(k) Plan and in at least one workweek since July 1, 2021, elected to defer any employee compensation to the plan (the "Virginia ERISA Subclass").

14. The Virginia Class and the Virginia ERISA Subclass are together referred to as the "Classes."

15. Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

### Compensation Structure

16. Defendant's Technicians, Senior Technicians, Mechanics and similar employees were and are compensated at the higher of the following figures each week: (1) a guaranteed lower hourly wage for all hours worked (with the exception of uncompensated working lunches); and (2) a non-guaranteed higher hourly wage for each hour of labor charged by Defendant to its customers. For example, if Defendant typically charged a customer for two hours of labor to replace an automobile's brakes, these two hours would be allocated to the employee who performed the brake work (as "booked" hours), regardless of whether that employee spent more or less hours on this work task. On a weekly basis, Defendant would then calculate the guaranteed lower hourly wage

for a given employee (minus working lunches) and the booked hours allocated to that employee, and then pay the employee the higher of these two figures as wages.

17. As a more concrete example, for all relevant time periods, Plaintiff Kiaunis was paid on a weekly basis, the higher of: (1) $12 per hour for all hours worked (with the exception of uncompensated working lunches); and (2) $27 per hour for all booked hours. In most, but not all workweeks, Plaintiff Kiaunis received the $27 per booked hours as the higher figure.

18. Plaintiff Kiaunis typically worked approximately 45-50 hours each week.

19. Neither Plaintiff Kiaunis nor any members of the Virginia Class were paid an overtime premium for any hours worked in excess of 40 in any given workweek.

20. Plaintiff Kiaunis frequently worked through "lunch breaks" but was told on multiple occasions by management that lunchtime would be deducted from his working hours regardless of whether he was relieved of duty during lunch or not. Lunch breaks were in fact uncompensated regardless of whether work was performed or not.

21. Defendant sponsored the 401(k) Plan, an ERISA-governed defined contribution retirement plan. Under the 401(k) Plan, employees, including Plaintiff and the Virginia Class are eligible to defer their wage compensation in order to save for retirement. Under plan rules, Defendant provides matching contributions of 50% of employee elective deferrals, up to a maximum of 6% of an employee's wages.

22. Since Defendant did not pay the Virginia Class overtime compensation required by state law, it failed to collect and remit full employee and employer matching contributions to the plan based on these unpaid wage amounts.

23. If the Court grants Plaintiff and the Virginia Class the relief requested under VOWA, Plaintiff and the Virginia ERISA Subclass will be entitled to additional employee and

employer matching contributions to the 401(k) Plan for these additional owed wages.

## Willfulness

24. On multiple occasions, Plaintiff and other members of the Virginia Class complained to Assistant Managers, Store Managers and District Managers concerning Defendant's practices of forcing and allowing employees to work through uncompensated "lunch breaks."

25. Defendant knew that Plaintiff Kiaunis and the Virginia Class were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek and knew they were not exempt from an entitlement to an overtime premium under VOWA.

26. Defendant is a sophisticated corporation with access to knowledgeable human resource specialists and competent labor counsel.

27. Defendant acted willfully and with reckless disregard of clear VOWA provisions by failing to compensate Plaintiff Kiaunis and the Virginia Class with an overtime premium of 150% of their regular rates of pay for all hours worked in excess of 40 during the workweek.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself, the Virginia Class and the Virginia ERISA Subclass as defined above.

29. The members of the Virginia Class and the Virginia ERISA Subclass are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 200 members of each class.

30. Plaintiff will fairly and adequately represent and protect the interests of the Virginia Class and the Virginia ERISA Subclass because there is no conflict between the claims of Plaintiff and those of the classes, and Plaintiff's claims are typical of the claims of the classes. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation

matters, including wage and hour and benefits cases like this one.

31. There are questions of law and fact common to the proposed classes, which predominate over any questions affecting only individual class members, including, without limitation: whether Defendant violated and continues to violate VOWA through its policy or practice of failing to pay its employees at applicable overtime wage of 150% of their regular hourly rates of pay and whether Defendant pays the full corresponding employee and employer matching contributions to the 401(k) Plan for those who participate and are owed overtime compensation.

32. Plaintiff's claims are typical of the claims of the class in the following ways, without limitation: (a) Plaintiff is a member of the Virginia Class and the Virginia ERISA Subclass; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Virginia Class and the Virginia ERISA Subclass; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Virginia Class and the Virginia ERISA Subclass and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the class members.

33. As to the Virginia ERISA Subclass, class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create: a risk of (1) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (2) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. ERISA plan fiduciaries generally act with respect to a plan as a unitary entity, not with respect to individual participants.

34. As to the Virginia Class and the Virginia ERISA Subclass, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

36. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

37. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and class members. Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I – Unpaid Overtime
### Violation of VOWA
### (Plaintiff and the Virginia Class v. Defendant)

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The Virginia Overtime Wage Act ("VOWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at 150% of the regular rate of pay. *See* Va. Code Ann. § 40.1-29.2(B).

40. Defendant is subject to the overtime requirements of the VOWA because Defendant is an employer under Va. Code Ann. § 40.1-29.2(A).

41. During all relevant times, Plaintiff and the Virginia Class were covered employees entitled to the above-described VOWA's protections. *Id.*

42. Defendant failed to compensate Plaintiff and the Virginia Class at 150% of their regular rates of pay for hours worked in excess of forty (40) hours per week, in violation of Va. Code Ann. § 40.1-29.2(B).

43. Defendant is not exempt from VOWA's overtime pay requirements with respect to Plaintiff and the Virginia Class.

44. Pursuant to Va. Code Ann. §§ 40.1-29.2(F) and 40.1-29(J), employers, such as Defendant, who fail to pay an employee wages in conformance with the VOWA shall be liable to the employee for the wages or expenses that were not paid, pre and post judgment interest, liquidated damages of up to 200% of unpaid wages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)**
**Monetary Relief**
**(Plaintiff and the Class v. Defendant)**

45. All previous paragraphs are incorporated as though fully set forth herein.

46. At all relevant times, Defendant was a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) in that it exercised discretionary authority, responsibility and control over

the administration and/or management of the 401(k) Plan, or disposition of its assets, and that it is the plan sponsor, plan administrator, and named fiduciary under the terms of the plan.

47. As a fiduciary, Defendant was subject to ERISA's fiduciary standards 29 U.S.C. §§ 1103(c)(1), 1104(a)(1)(A), (B) to manage the assets of the plan for the exclusive benefit of its participants and beneficiaries (i.e., not in their own interests) and to act with prudence as a reasonably prudent expert would under the circumstances.

48. As an ERISA fiduciary, Defendant failed in its duty to the 401(k) Plan and its participants and beneficiaries by: (1) failing to collect all contributions owed to the plan, including full employee elective deferrals (including unpaid overtime wages), and employer matching contributions; (2) retaining lost profits and investment income on unpaid matching contributions and harming participants by preventing them from realizing the investment gains they would have seen had their full elective contributions been collected and paid to the plan.

49. Under 29 U.S.C. § 1109, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." A participant may sue under 29 U.S.C. § 1132(a)(2) for appropriate relief under § 1109.

50. Additionally, 29 U.S.C. § 1132(a)(3)(A) empowers a plan participant, such as Plaintiff, "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."

51. **Wherefore**, Plaintiff seeks an order directing Defendant to collect and pay full

elective deferral contributions, plus full matching contributions to the 401(k) Plan with respect to the accounts of all Virginia ERISA Subclass members, plus any profits and investment income or appreciation which would have been received.

## COUNT III
### Prohibited Transaction
### Monetary Relief
### (Plaintiff and the Class v. Defendant)

52. All previous paragraphs are incorporated as though fully set forth herein.

53. At all relevant times, Defendant was a party in interest within the meaning of ERISA, 29 U.S.C. § 1002(14).

54. As fiduciaries, Defendant had duties to avoid causing the 401(k) Plan to engage in prohibited transactions, by collecting and remitting all contributions owed to the plan.

55. In violation of 29 U.S.C. § 1106(a), Defendant caused a transfer and an exchange of property between the 401(k) Plan, and its sponsor and fiduciaries, each parties in interest.

56. Furthermore, in violation of 29 U.S.C. § 1106(b), Defendant dealt with the assets of the plan in their own interest and for their own account. Defendant also acted in these transactions with an interest adverse to the interests of the 401(k) Plan.

57. The prohibited transactions described herein harmed Plaintiff and the Virginia ERISA Subclass and their interests in the 401(k) Plan.

58. The prohibited transactions were not exempt under ERISA.

59. **Wherefore**, Plaintiff seeks disgorgement of full matching contributions that would have been paid to the plan, plus investment income that would have been realized and any profits received and interest, with Defendant to be liable for payment of these amounts to the plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

A. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Virginia Class and the Virginia ERISA Subclass;

B. Unpaid overtime damages, liquidated damages, and prejudgment interest to the fullest extent permitted under the law;

C. Payment by Defendant to the 401(k) Plan of all unpaid employee and employer matching contributions, together with lost opportunity cost and lost profits to be paid back to Plaintiff's and the Virginia ERISA Subclass' plan accounts;

D. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

E. Such other and further relief as this Court deems just and proper.

Dated: September 3, 2021

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by: /s/ James E. Goodley
James E. Goodley (VA 87573)
Ryan P. McCarthy*
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Class*

*Pro hac vice application forthcoming*